IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, an Ohio Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GARY BOZZA, and JOSE MEDRANO, Independent Administrator of the Estate of Jose Portillo, deceased, | ) ) ) ) ) |
| Defendants, | ) ) ) |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Westfield Insurance Company, ("Westfield"), by its attorneys Esp Kreuzer Cores, LLP, pursuant to 28 U.S.C. §2201 and 2202, for its Complaint for Declaratory Judgment against Defendants, Gary Bozza, ("Bozza"), and Jose Medrano, Independent Administrator of the Estate of Jose Portillo, deceased, ("Medrano"), states:

I. JURISDICTION

1. The jurisdiction of the Court is premised upon 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

II. VENUE

2. Venue is premised upon 28 U.S.C. §1391 in that each defendant is a resident of this District as defined by 28 U.S.C. 1391(c) and a substantial part of the events or omissions giving rise to this suit occurred in this District.

III. THE PARTIES

3. Westfield is an Ohio corporation, with its principal place of business in Westfield Center, Ohio.

4. Bozza is a citizen of the State of Illinois and resides within the Northern

District of Illinois, Eastern Division.

5. Medrano is a citizen of the State of Illinois and resides within the Northern District of Illinois, Eastern Division. Medrano is the plaintiff in the underlying lawsuit. It may be that Medrano is an interested party with respect to the declaratory judgment lawsuit. Pleading in the alternative, it may be that Medrano is not an interested party with respect to the declaratory judgment lawsuit.

IV. THE INCIDENT, MEDRANO COMPLAINT, AND MEDRANO SUIT

6. On December 18, 2023, Medrano filed a complaint against Bozza, sounding in negligence, alleging that during the late hours of December 17, 2022, Bozza, while driving a Porsche Macan, struck a pedestrian by the name of Jose Portillo, on US Route 12, in Lake Zurich, Illinois, causing injuries that ultimately resulted in his death on December 18, 2022. Westfield filed a copy of the *Medrano* complaint as (Dkt. 1-2).

7. From October 14, 2020 through the time of the December 17, 2022 incident, WorldBridge Partners Chicago NW, Ltd, an Illinois corporation, f/k/a Management Recruiters of Chicago-Northwest, Ltd., was the owner of the 2017 Porsche Macan, VIN WP1AB2A51HLB17227, Illinois Secretary of State Department of Vehicle Services title number 20288697101, Illinois Secretary of State Department of Vehicle Services application number 9049248316.

8. From January 14, 1997 through the time of the December 17, 2022 incident, WorldBridge Partners Chicago NW, Ltd was an Illinois domestic corporation.

9. From January 14, 1997 through the time of the December 17, 2022 incident, Bozza was an officer and director of WorldBridge Partners Chicago NW, Ltd, holding the positions of Chief Executive Officer, President, Secretary, and Registered Agent.

10. Progressive Groups issued an auto liability policy to Bozza as the named insured, policy no. 925777792AA121812, effective at the time of the December 17, 2022 incident.

11. On or around December 18, 2022, Bozza provided notice of the incident involving Portillo to Progressive Groups.

12. On or around December 18, 2022, Progressive Groups created a claim file, no. 22-2303755, in connection with the incident involving Portillo.

13. Prior to March 7, 2024, Medrano caused Bozza to be served with summons and the *Medrano* complaint.

14. Prior to March 7, 2024, Progressive Groups retained the attorneys at Chilton Yambert Porter LLP to defend Bozza against the *Medrano* lawsuit.

15. On March 7, 2024, Chilton Yambert Porter LLP filed its appearance as attorneys for Bozza in the *Medrano* lawsuit.

## V. THE WESTFIELD POLICY

16. Westfield issued a business owners policy to WorldBridge Partners Chicago NW, Ltd, policy number BOP 4 255 350, effective December 31, 2021 to December 31, 2022, (the "Westfield policy"). Westfield filed a copy of the business owners policy as (Dkt. 1-3).

17. The renewal common policy declarations read in part:

Business: EMPLOYMENT AGENCY     Named Insured is: Limited Liab. Co.

(Dkt. 1-3 at 8).

18. The renewal business auto coverage declarations read in part:

ITEM ONE – NAMED INSURED & MAILING ADDRESS * * *

WORLDBRIDGE PARTNERS
444 S RAND RD
STE 300
LAKE ZURICH IL 60047  * * *

ITEM TWO   SCHEDULE OF COVERAGES AND COVERED AUTOS

Each Of These Coverages Will Apply Only To Those "Autos" Shown As Covered "Autos". "Autos" Are Shown As Covered "Autos" For A Particular Coverage By The Entry Of One Or More Of The Symbols From The Covered Auto Section of The Business Auto Coverage Form Next To The Name Of

The Coverage.

(Dkt. 1-3 at 145).

19. The schedule of the renewal business auto coverage declarations used the symbols "08, 09" to define Covered "Autos" under the business auto liability coverage. (Dkt. 1-3 at 145).

20. The Business Auto Coverage Form reads in part:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.

(Dkt. 1-3 at 153).

21. Section I of the Business Auto Coverage Form, titled "Covered Autos," reads in part:

> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

(Dkt. 1-3 at 153).

22. Subsection A of Section I of the Business Auto Coverage Form, titled "Description Of Covered Auto Designation Symbols," defines "Symbol 8," "Hired 'Autos' Only as:

> "Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

(Dkt. 1-3 at 153).

23. Subsection A of Section I of the Business Auto Coverage Form, titled "Description Of Covered Auto Designation Symbols," defines "Symbol 9," "Non-owned "Auto" Only as:

> Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by

> your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs.

(Dkt. 1-3 at 153).

24. Subsection A of Section II of the Business Auto Coverage Form, titled "Coverage," reads in part:

> We will pay all sums and "Insured" legally must pay as damages because of "bodily injury"… to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages… however, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury"… to which this insurance does not apply.

(Dkt. 1-3 at 154).

25. Subsection A.1. of Section II of the Business Auto Coverage Form, titled "Who is an Insured," reads in part:

> The following are "insureds:"
>
> a. You for any covered "auto."
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
> > (1) The owner or anyone else from whom you hire or borrow a covered "auto." * * *
> >
> > (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
> >
> > (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
> >
> > (4) Anyone other than your "employees", partner (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
> >
> > (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto"

        owned by him or her or a member of his or her household.

  c.    Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(Dkt. 1-3 at 154).

26.    Subsection A.2. of Section IV of the Business Auto Coverage Form, titled "Loss Conditions," reads in part:

> 2. Duties In The Event Of Accident, Claim, Suit Or Loss
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> a.    In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:
>
>> (1)    How, when and where the "accident" or "loss" occurred;
>>
>> (2)    The "insured's" name and address; and
>>
>> (3)    To the extent possible, the names and addresses of any injured persons and witnesses.
>
> b.    Additionally, you and any other involved "insured" must:
>
>> (1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
>>
>> (2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."
>>
>> (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit." * * *

(Dkt. 1-3 at 160).

27.    Section V of the Business Auto Coverage Form, titled "Definitions," reads in part :

> A.    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

    B.    "Auto" means:

        1.    A land motor vehicle, "trailer" or semi-trailer designed for travel on public roads; * * *

    G.    "Insured" means any person or organization qualifying as an insured in the "Who Is An Insured" provisions of the applicable coverage. * * *

    N.    "Suit" means a civil proceeding in which:

        1.    Damages because of "bodily injury"…

        To which this insurance applies, are alleged.

(Dkt. 1-3 at 162-164).

## VI. NOTICE OF THE INCIDENT AND MEDRANO COMPLAINT TO WESTFIELD

28. On April 15, 2024, Bozza, by and through Bozza's insurance agent and risk manager, John Duffy, of J. Krug & Associates, e-mailed to westfieldccc@westfieldgrp.com, a letter from Chilton Yambert Porter LLP, dated April 9, 2024, addressed to Westfield Insurance, One Park Circle, P.O. Box 5001, Westfield Center, OH 44251.

29. The April 15, 2024 e-mail correspondence enclosing the letter from Chilton Yambert Porter, LLP, is the first notice that Westfield received of the December 17, 2022 incident involving Portillo.

30. The April 15, 2024 e-mail correspondence enclosing the letter from Chilton Yambert Porter, LLP, is the first notice that Westfield received of the *Medrano* complaint.

31. The letter from Chilton Yambert Porter, LLP, attached to the April 15, 2024 e-mail correspondence, asserts in part that the 2017 Porsche Macan was owned by WorldBridge Partners Chicago NW, Ltd.

## VII. BASIS FOR RELIEF

32. Westfield owes no duty to defend or indemnify Bozza against the *Medrano* lawsuit for one or more of the following reasons:

    a)    Bozza cannot establish all of the conditions for coverage under the business

      auto coverage form of the Westfield policy, where Bozza's delay of approximately 16 months in providing notice to Westfield of the incident involving Portillo was unreasonable as a matter of law;

b) The 2017 Porsche Macan, VIN WP1AB2A51HLB17227, is not a Covered Auto, where the 2017 Porsche Macan was not a "Non-owned auto" at the time of the December 17, 2022 incident involving Portillo;

c) The 2017 Porsche Macan, VIN WP1AB2A51HLB17227, is not a Covered "Auto," where the 2017 Porsche Macan was not a "For Hire" auto at the time of the December 17, 2022 incident involving Portillo;

d) Bozza is not an Insured under the business auto coverage form of the Westfield policy, where no factual basis exists to show that Bozza was driving a Covered "Auto" with WorldBridge Partners Chicago NW, Ltd's permission at the time of the December 17, 2022 incident involving Portillo;

e) If Bozza or a member of his household had any ownership interest in the 2017 Porsche Macan at the time of the December 17, 2022 incident involving Portillo, then an additional basis exists for Bozza not qualifying as an Insured under the business auto coverage form of the Westfield policy;

f) If harm was objectively reasonably probable as a result of the act of intentionally driving while intoxicated, in violation of Illinois law, then the incident involving Portillo was not an "accident" and Bozza cannot establish the existence of a fortuitous loss;

g) If increased harm was objectively reasonably probable as a result of the act of Bozza intentionally fleeing the scene the scene, not immediately reporting the incident to the police, and leaving injured Portillo in the roadway for a period of time, in violation of Illinois law, then the incident involving Portillo was not an "accident" and Bozza cannot establish the existence of a fortuitous loss;

h) Without waiving any other positions, if Bozza expected that harm would result from the act of intentionally driving while intoxicated, in violation of Illinois law, then the Expected Or Intended Injury exclusion reinforces the proposition that the Westfield policy was not intended to insure Bozza against the *Medrano* lawsuit;

i) Without waiving any other positions, if Bozza expected that increased harm would result from the act of Bozza intentionally fleeing the scene the scene, not immediately reporting the incident to the police, and leaving injured Portillo in the roadway for a period of time, in violation of Illinois law, then the Expected Or Intended Injury exclusion reinforces the proposition that the Westfield policy was not intended to insure Bozza against the *Medrano* lawsuit;

j) To the fullest extent warranted by the facts and permitted by law, Westfield reserves the right to expand upon the matters raised herein and/or to raise additional defenses to coverage for Bozza against the *Medrano* lawsuit under the Westfield policy.

33. An actual and justiciable controversy exists between the parties hereto concerning coverage, if any, provided by Westfield. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

WHEREFORE, for the reasons set forth hereinabove, Westfield prays that a judgment be entered in its favor, finding and declaring that Westfield owes no duty to defend or indemnify Gary Bozza against the *Medrano* lawsuit; for costs incurred herein; and for such further relief as the Court deems just.

ESP KREUZER CORES LLP  
400 S. County Farm Road, Suite 200  
Wheaton, Illinois 60187  
(630) 871-1002; ARDC #6274517  
EKC file no. 1.10740K  
jbarger@ekclawfirm.com

RESPECTFULLY SUBMITTED,

_____  
Jeffrey S. Barger